IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | CIVIL ACTION NO. H-12-1669 |
| v. | § | (CRIMINAL NUMBER H-10-294) |
| | § | |
| JAMES EDDIE BROWN, | § | |
| | § | |
| Defendant/Petitioner. | § | |

**MEMORANDUM OPINION AND ORDER**

The defendant, James Eddie Brown, has filed Petitioner's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry No. 95 in Crim. No. H-10-294) and a Memorandum in Support (Docket Entry No. 96).[1]

Pending before the court is the United States' Motion for Summary Judgment (Docket Entry No. 99). Although the motion was filed on July 16, 2012, Brown has not filed a response. The court has considered the parties' arguments and is persuaded that the United States' Motion for Summary Judgment should be granted.

The defendant's Plea Agreement (Docket Entry No. 28) states:

**Waiver of Appeal**

> 7. . . . Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

Docket Entry No. 28 at p. 3 ¶ 7.

---

[1] All docket entry references are to Criminal No. H-10-294.

At Brown's rearraignment the following colloquy occurred between the court and Brown:

> THE COURT: The government has furnished me with a copy of a written plea agreement. Have you read the agreement?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: When did you read it?
>
> THE DEFENDANT: I read it today, Your Honor.
>
> THE COURT: Have you discussed it with your attorney?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: Do you need any more time to discuss it with your attorney?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Do you have a copy there before you?
>
> THE DEFENDANT: No, Your Honor.
>
> THE COURT: Now you do.
>
> The agreement provides that you will plead guilty to Count 1, which I described earlier. In paragraph 7, you waive your right to appeal the sentence that is imposed or the manner in which the sentence was determined; but you expressly retain the right to appeal the court's ruling on your motion to suppress evidence. You also waive your right to contest your conviction or sentence by means of any post conviction proceeding.
>
> Have you talked to your lawyer about whether or not you should give up those rights as a part of this plea agreement?
>
> THE DEFENDANT: Yes, Your Honor.
>
> THE COURT: And as a part of this agreement, do you wish to give up your right to appeal the sentence imposed or the manner in which it was

determined except for the right to appeal the Court's ruling on the motion to suppress?

THE DEFENDANT:  Yes, Your Honor.

THE COURT:  And do you also wish to waive or give up your right to contest your conviction or sentence by means of any post conviction proceeding?

THE DEFENDANT:  Yes, Your Honor.

Transcript of Suppression Hearing and Rearraignment Before the Honorable Sim Lake, Docket Entry No. 83, p. 74 line 25 through p. 76 line 10.  At the conclusion of the hearing the court found that Brown was fully competent and capable of entering an informed plea of guilty and accepted his plea of guilty.  *Id.* at p. 78 lines 11-18.  The court concludes that Brown knowingly and voluntarily waived his right to collaterally attack his conviction or sentence and that the claims in his § 2255 motion are subject to the waiver.  Accordingly, the court concludes that the waiver should be enforced and that Brown's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence should be dismissed.

Accordingly, the United States' Motion for Summary Judgment (Docket Entry No. 99) is **GRANTED**, and Brown's Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Docket Entry No. 95) is **DISMISSED**.

**SIGNED** at Houston, Texas, this 20th day of September, 2012.

_____
SIM LAKE
UNITED STATES DISTRICT JUDGE